UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-742-BO

| | | |
|---|---|---|
| MARGARET CORBETT, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JOHN M. MCHUGH, SECRETARY | ) | |
| OF THE ARMY | ) | |
|     Defendant. | ) | |

This matter is before the Court on defendant's motion to dismiss or, on the alternative, to grant summary judgment [DE 36]. For the reasons stated herein, defendant's motion is GRANTED.

BACKGROUND

Plaintiff, Margaret L. Corbett is a supervisory supply specialist at the United States Army Logistics Management Branch, Airborne Special Operations Test Directorate (ABNSOTD), located at Fort Bragg, North Carolina. Ms. Corbett was hired as a general supply specialist by the army in January 2006. At this time, her position was classified under the General Schedule (GS) pay system as a GS-09, with a target grade of GS-11. In June 2007, Ms. Corbett's position was transferred from the GS pay schedule to the Department of Defense's Civilian Acquisition Workforce Personnel Demonstration Project (AcqDemo). The army describes this system as "a pay banding system for DoD employees working in the field of acquisitions which utilizes the Contribution-based Compensation and Appraisal System (CCAS)." [DE 37 p. 3]. During the AcqDemo conversion, plaintiff's position was reclassified from GS-11 to a new classification of NH-II. Additionally, Ms. Corbett's job title was modified from "general supply specialist" to "supervisory supply specialist."

Later in 2007, the Department of Defense introduced yet another personnel classification

system known as the National Security Personnel System (NSPS). NSPS was made up of pay classification groups (YA-YF) based upon the type of position held by the employee. Within each classification group there were three salary ranges known as "pay bands." According to the army, the pay bands reflected the complexity of the work and the required level of expertise for each position. In 2008, Ms. Corbett's pay grade had to be converted once again to comply with the NSPS rating system. The Department of Defense provided a manual for making this conversion. That manual included a provision that employees with a NH-II rating under the AcqDemo system should be classified as YA-02 under the NSPS system. This conversion was the same for both supervisory and non-supervisory positions. Ms. Corbett in fact received a reclassification of YA-02 and, according to her complaint, there were no changes in her job duties, work expectations, or job title. Ms. Corbett alleges that this reclassification of her pay grade was an adverse employment action and cites the classifications given to several male supervisors as evidence that she was discriminated against because of her gender.

At the time of the plaintiff's reclassification under the NSPS system, her compensation remained steady. The plaintiff continued to receive an annual salary of $59,651 - a wage in the middle of her assigned pay-band. [DE 28, p. 4]. Several male employees were reclassified under the NSPS to YC, supervisory, pay grades. However, these employees were converted from NH-03, a higher grade than plaintiff's, and none of these employees had the same job title as the plaintiff. [DE 28-12].

Ms. Corbett filed a charge of discrimination with the Equal Employment Opportunity Commission on September 17, 2010. In that complaint she alleged that her reclassification into the YA-02 pay band was motivated by gender discrimination. Plaintiff filed the instant complaint on

2

September 11, 2011 and an amended complaint on June 11, 2012. Ms. Corbett brings her claims pursuant to Title VII of the Civil Rights Act of 1964, and the Equal Pay Act of 1963.

## DISCUSSION

I.  12(b)(6) MOTION TO DISMISS STANDARD.

To survive a Rule 12(b)(6) motion, a complaint must give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted). The facts alleged must "raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). This plausibility standard does not equate to a probability requirement, but it does require more than a "sheer possibility" that a defendant actually committed the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the Court should accept as true the well-pleaded allegations in the plaintiff's complaint. *Erickson v. Pardus*, 551 U.S. 89 (2007). The Court may consider those allegations appearing on the face of the complaint as well as exhibits attached to the complaint. *See* Fed.R.Civ.P. 10(c).

II. THE PLAINTIFF HAS FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES FOR ANY CLAIMS NOT INCLUDED IN THE ORIGINAL ADMINISTRATIVE COMPLAINT.

To the extent the plaintiff alleges claims beyond the scope of her original administrative complaint, the plaintiff has failed to exhaust her administrative remedies and this Court lacks subject matter jurisdiction over those claims. Before a plaintiff may file a complaint alleging violations of Title VII, she must file a charge of discrimination with the EEOC. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). The content of that charge determines the scope

of the plaintiff's right to file a federal lawsuit. *Bryant v. Bell Atl. Md. Inc.*, 288 F.3d 124, 132 (4th Cir. 2002).

"The allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint." *Evans v. Technologies Apps. & Serv. Co.*, 80 F.3d 954, 962-63 (4th Cir. 1996). In *Evans,* the court found that where the plaintiff's administrative complaint contained an allegation that she had not been promoted because of her sex, the plaintiff could not later seek relief for sexual harassment or discrimination in her pay and benefits. *See Id.*

Here, the plaintiff's original complaint alleged that "she was the victim of discrimination based upon sex (female), when her position was classified as non-supervisory YA-02, rather than a supervisory YC-02, when the organization converted the position to the National Security Personnel System (NSPS) in January 2008." [DE 28-10, p.1]. To the extent the plaintiff attempts to include further allegations in her instant lawsuit, she has not exhausted her administrative remedies and those claims must be dismissed as this Court does not have subject matter jurisdiction over them.

### III. HAVING NOT ESTABLISHED AN ADVERSE EMPLOYMENT ACTION, THE PLAINTIFF'S TITLE VII CLAIM MUST BE DISMISSED.

Where, as here, a plaintiff has no direct evidence to establish discrimination, she must establish a prima facie case of gender discrimination. In order to state such a prima facie case a plaintiff must establish that (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) her job performance was satisfactory at the time of the adverse employment action; and (4) similarly-situated employees outside her protected class received more favorable

4

treatment. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Adverse employment actions are those actions which materially affect the conditions of employment. *See Holland v. Washington Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007). Termination or demotion exemplify the meaning of the phrase, but conduct short of "ultimate employment decisions" may constitute adverse employment action so long as there is some tangible effect on the conditions of employment. *James v. Booz-Allen Hamilton, Inc.*, 368 F.3d 371, 375 (4th Cir. 2004).

Here, Ms. Corbett concedes that she was fairly and equitably compensated prior to the classification conversion at issue. [DE 1]. The pay classification conversion, an administrative change to which every employee was subjected, did not change any of the material conditions of the plaintiff's employment. Her pay was not reduced, she retained her position title, and there was no change to the duties and responsibilities assigned to her. Ms. Corbett concedes that upon the classification change, she "continued to supervise two to four employees and had received no changes in her managerial job duties or work expectations . . ." [DE 1]. The plaintiff has not established that the pay classification conversion resulted in any tangible changes to the conditions of her employment. Therefore, the plaintiff has failed to establish that any adverse employment action was taken against her and, likewise, has failed to establish a prima facie case of discrimination. As such, the plaintiff's complaint does not state a facially plausible claim and the plaintiff's claims under Title VII must be dismissed.

IV. THE DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON THE PLAINTIFF'S EQUAL PAY ACT CLAIM.

A court may grant summary judgment only if there is no genuine issue as to any material fact

and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The moving party bears the initial burden to show the court that there is an absence of a genuine issue concerning any material fact and the non-moving party must then show that there is "evidence from which a jury might return a verdict in his favor." *Anderson*, 477 U.S. at 257. The court must accept all of the non-moving party's evidence as true and must view all inferences drawn from the underlying facts in the light most favorable to the non-moving party. *See id.* at 255.

The Equal Pay Act, part of the Fair Labor Standards Act, prohibits employers from paying different wages to employees of the opposite sex performing the same job. *See* 29 U.S.C. §§ 201 *et seq.* In order to establish a prima facie case of discrimination under the Equal Pay Act, a plaintiff must establish: (1) that such discrimination was based on sex; (2) that she performed work requiring the same skill, effort, and responsibility required of her male comparators; and (3) that she was compensated differently than her male comparators. *See Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974).

In supporting her case the plaintiff must select "proper comparators." *See Strag v. Board of Trustees*, 55 F.3d 943, 950 (4th Cir. 1995). Isolated or random incidents will not support an inference of discrimination without additional evidence that such discrimination was directed toward an entire group of employees. *Id.* at 948.

Here, Ms. Corbett has not established a prima facie case of discrimination under the Equal Pay Act because she has failed to offer proper comparators and to show that such alleged

discrimination was directed toward an entire group of employees. In her complaint the plaintiff identifies all of the male supervisors in the ABNSOTD as comparators. However, all of these supervisors were employed at a grade senior to the plaintiff's *prior* to the pay classification conversion. As such, the male supervisors offered as comparators may not properly be used as such because they performed jobs different to the work performed by plaintiff. Therefore, the plaintiff has not established a prima facie case of discrimination under the Equal Pay Act. Applying the burden-shifting scheme to this question of wage discrimination, the plaintiff has failed to set forth any responsive evidence that would suggest a jury would return a verdict in her favor. *Anderson*, 477 U.S. at 257. As such, the defendant is entitled to summary judgment on the plaintiff's claims under the Equal Pay Act.

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss is GRANTED. The clerk is instructed to close the file.

SO ORDERED, this __24__ day of January, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE